**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
Caption in compliance with D.N.J. LBR 9004-2(c)

**McCARTER & ENGLISH, LLP**
Charles A. Stanziale, Jr.
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070

*Liquidation Trustee*

In Re:

**SOLOMON DWEK,**

                    Confirmed Debtor.

Case No.: 07-11757 (KCF)

Chapter 11

Judge: Kathryn C. Ferguson

## TRUSTEE'S APPLICATION PURSUANT TO SECTION 105(a) AND 107(c) OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE TO FILE UNDER SEAL EXHIBIT TO TRUSTEE'S SUPPLEMENTAL CERTIFICATION IN RESPONSE TO ORDER TO SHOW CAUSE

Charles A. Stanziale, Jr., the Liquidating Trustee of the Solomon Dwek Creditors Liquidation Trust (the "Trust"), the successor in interest to the consolidated bankruptcy estates of Solomon Dwek ("Dwek") for which I was the chapter 11 Trustee for the 81 Jointly Administered Debtors Estates (the "Applicant" or "Trustee") hereby moves this Court for an application to file an exhibit under seal (the "Application to File Under Seal") pursuant to sections 105(a) and 107(c) of title 11 of the United States Code ("Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing the Trustee to file under seal an Exhibit (the "Confidential Exhibit") to the Supplemental Certification in Response to the Order to Show Cause (the "Supplemental Certification"). In support hereof, the Trustee respectfully represents as follows:

## BACKGROUND

1.      On April 28, 2010, Order to Show Cause why Dwek and/or the Trustee should not be ordered to disgorge expenses paid by the Trustee to Dwek (the "OSC").

2.      On July 12, 2010, the Court conducted a hearing on the Trustee's response to the Court's OSC.

3.      The Court requested more detail of the out of pocket expenses reimbursed to Solomon Dwek by the Estates

## JURISDICTION AND STATUTORY BASIS

4.      The Court has jurisdiction over the Application to File Under Seal under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).  Venue of this proceeding and the Application to File Under Seal in this District is proper under 28 U.S.C. §§ 1408 and 1409.

5.      The statutory basis for the relief requested herein are sections 105(a) and 107(c) of the Bankruptcy Code and Bankruptcy Rule 9018.

## RELIEF REQUESTED

6.      By this Application to File Under Seal, the Trustee seeks the entry of an Order, substantially in the form submitted herewith, authorizing him to file an Exhibit to the Supplemental Certification under seal.  The Trustee will provide a full copy of the Supplemental Certification, including the Confidential Exhibit to chambers.

## LEGAL ARGUMENT

7.      The Trustee respectfully submits that filing of the Confidential Exhibit under seal is consistent with applicable statutes, as well as the need to protect the sensitive nature of the information contained in the Confidential Exhibit.

8.      Section 107(c) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect parties from potential harm.  Specifically, section 107(c)(1) of the Bankruptcy Code provides that:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individuals property . . .

9.      The Trustee submits that the filing under seal of the Confidential Exhibit is appropriate and satisfies section 107(c) of the Bankruptcy Code, as the documents contain information concerning Solomon Dwek ("Dwek").

10.     As the Court is aware in late July 2009, Dwek's status as an undercover cooperating witness in connection with the arrest by the Federal Bureau of Investigation and the prosecution by the United States Attorney of 44 individuals was made public.

11.     Since that time there have been documented threats against Dwek's life.  Upon information and belief, the FBI and/or United States Attorney provided the Court with an affidavit detailing some of those threats.

12.     Specific instances of valid threats on Dwek's life have been further conveyed to the Trustee by Dwek's security detail who are former FBI agents and by Dwek.  Since that time Dwek has remained in an undisclosed location

13.     The Trustee further believes that because of these threats the government was prepared to place Dwek and his family in the witness protection program.  However, in an effort

to continue his assistance to the Estates, Dwek at increased threat to himself and his family continued to assist the Trustee.

14.    The Confidential Exhibit contains very specific and detailed information containing the dates and location of Dwek's activities over the last three (3) years.  The Trustee believes that disclosure of this information would place Dwek in greater harm revealing Dwek's patterns and the places he frequents.  Therefore, out of an abundance of caution and to maintain its confidentiality, this information should be protected from disclosure.

15.    The Trustee has provided a full copy of the Supplemental Certification, including the Confidential Exhibit to chambers.  In addition, a full copy of the Confidential Exhibit have been delivered to the Court via electronic mail.

## NOTICE

16.    Notice of the Application to File Under Seal has been provided to counsel to the following parties: (i) Solomon Dwek, (ii) the Oversight Committee, (iii) the United States Trustee, and (vi) the Office of the United States Attorney.

WHEREFORE, Charles A. Stanziale, Jr. respectfully requests the entry of an Order authorizing the Confidential Exhibit be filed under seal.

Dated: September 30, 2010                    By: */s/ Charles A. Stanziale, Jr.*
                                                  Charles A. Stanziale, Jr.,
                                                  *Liquidation Trustee*